UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN R. DAVIS, | Case No. 2:18-CV-673 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITEL VOICE, LLC d/b/a TELECOM MANAGEMENT GROUP, INC., et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Steven Davis's ("Davis") motion for reconsideration. (ECF No. 80). Defendant Somos, Inc. ("Somos") filed a response (ECF No. 82), to which Davis replied (ECF No. 86). Defendant Unitel Voice, LLC d/b/a Telecom Management Group, Inc. ("Unitel")[1] also filed a response (ECF No. 84), to which Davis did not reply.

Also before the court is Davis's motion for reconsideration. (ECF No. 85). Defendant CenturyLink, Inc. ("CenturyLink") filed a response (ECF No. 87), to which Davis replied (ECF No. 88).

Also before the court is Davis's second motion for leave to file second amended complaint. (ECF No. 73). CenturyLink filed a response (ECF No. 75), to which Davis replied (ECF No. 81).

Also before the court is Magistrate Judge Brenda Weksler's order and report and recommendation ("R&R"). (ECF No. 89). Davis objected to the portion of the R&R that recommends denying his motion in part (ECF No. 90), and Somos replied (ECF No. 92). Unitel

---

[1] As the court will discuss, the identity of this defendant is highly contested.

**James C. Mahan**
**U.S. District Judge**

1  appealed the portion of the order granting Davis's motion in part (ECF No. 91), and Davis
2  replied (ECF No. 93).

3  **I.      Background**

4      Davis initiated the instant action against CenturyLink under the Federal Communications
5  Act, 47 U.S.C. § 201 *et seq.*, and Federal Communications Commission ("FCC") regulations,
6  which provide a private right of action against "communication services" that engage in illegal,
7  unjust, and unreasonable business practices. *See* 47 U.S.C. § 201 *et seq.* (ECF No. 24).

8      Unitel is a certified carrier entity that searches for and reserves vanity toll free numbers
9  ("VTFNs") for its customers. (ECF No. 24 at 5–6). Beginning in 2014, Davis and Unitel had an
10 informal agreement whereby Davis paid Unitel to reserve new VTFNs for him. (ECF No. 24 at
11 5–6). Unitel alleged that "Davis . . . had fallen far in arrears" and demanded payment in
12 February 2016. (ECF No. 26 at 5) Davis did not pay. (ECF No. 24 at 9). On April 8, 2016,
13 Unitel notified Davis that it had terminated his account due to his nonpayment. (ECF No. 24 at
14 10).

15     Upon termination, Unitel released all of Davis's VTFNs to Somos, Inc.—a "SMS/800
16 Toll Free Number Registry" database—for other parties to acquire. (ECF Nos. 24 at 10). Level
17 3 Communications, LLC ("Level 3") allegedly acquired numerous VTFNs once belonging to
18 Davis. (ECF No. 43 at 2). CenturyLink acquired Level 3 Communications, Inc.—which owned
19 Level 3—in a 2017 corporate merger. (ECF No. 57 at 4).

20     Davis filed this action on April 13, 2018, alleging that Level 3 engaged in illegal, unjust,
21 and unreasonable practices in violation of the Federal Communications Act, 47 U.S.C. §§ 201, *et*
22 *seq.*, and FCC regulations, 47 CFR §§ 52.101, *et seq.* (ECF No. 1-1). On July 2, 2018, Davis
23 filed his first amended complaint, which added CenturyLink as a defendant and dropped Level 3
24 as a defendant. (ECF No. 24).

25     This court dismissed Unitel, Somos, and CenturyLink for lack of personal jurisdiction.
26 (ECF Nos. 74; 78). Because the statute of limitations had run as to those defendants while this
27 case was pending and amendment could not cure the jurisdictional defects of Davis's complaint,
28 the court dismissed them with prejudice. *Id.* Davis now moves for reconsideration, arguing that

**James C. Mahan**
**U.S. District Judge**

1  the court should have transferred the case to an unspecified district which would have
2  jurisdiction. (ECF Nos. 80; 85).

3  Davis moved to file a second amended complaint on July 31, 2019. (ECF No. 73). Judge
4  Weksler granted Davis's motion to the extent that he sought to add Level 3 and Telecom
5  Management Group, Inc. as defendants. (ECF No. 89 at 11). Judge Weksler recommends that
6  the court deny Davis's motion to the extent that he seeks to amend his claims against Unitel,
7  Somos, and CenturyLink and further recommends that the court hold that his second amended
8  complaint does not relate back to his original complaint. *Id.*

9  **II.    Legal Standard**

10  A. *Appeals from a magistrate judge's order*

11  A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's
12  order, as well as remand with instructions. LR IB 3-1(b).

13  Magistrate judges are authorized to resolve pretrial matters subject to the district judge's
14  review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see
15  also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter
16  referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been
17  shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly
18  erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to
19  law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San
20  Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

21  A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and
22  firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S.
23  364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential."
24  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602,
25  623 (1993).

26  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case
27  law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----,
28  ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that

James C. Mahan
U.S. District Judge

under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

B. *Objections to a magistrate judge's report and recommendation*

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. However, "a district court may not reject the factual findings of a magistrate judge on a motion to suppress without conducting a *de novo* evidentiary hearing." *United States v. Ridgway*, 300 F.3d 1153, 1155 (citing *United States v. Bergera*, 512 F.2d 391, 392–94 (9th Cir. 1975)).

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

C. *Reconsideration*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise

**James C. Mahan**
**U.S. District Judge**

- 4 -

arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

### III. Discussion

As an initial matter, the court once again notes that Davis is representing himself *pro se*. Although "the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion," *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998), this court "lacks the power to act as a party's lawyer, even for pro se litigants," *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket.

*Id.* (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986)). Thus, the court will not and cannot act as Davis's counsel, but the court will interpret Davis's filings liberally and afford him greater latitude where appropriate.

The court now turns to the first problem raised by Davis's effort to represent himself. Although Davis's briefing, argument, and citation to legal authority in this case have been impressive, Davis has nonetheless struggled with the complex corporate structure of several defendants. For instance, Davis himself admits to "misunderstanding of the details of a corporate merger . . . that only corporate experts would understand." (ECF No. 57 at 19). That misunderstanding led Davis to add CenturyLink as a defendant and drop Level 3 from this suit. (ECF No. 24).

Both Davis's original and first amended complaint in this case name "Unitel Voice, LLC d/b/a Telecom Management Group, Inc."—which this court has consistently referred to as "Unitel"—as a defendant. (*See* ECF Nos. 1-1; 24). Thus, Judge Weksler granted Davis's motion to the extent that he sought to *add* "Telecom Management Group, Inc." as a purportedly-new defendant. (ECF No. 89 at 7–11). Judge Weksler concluded that the court should deny

**James C. Mahan**
**U.S. District Judge**

- 5 -

Davis's motion to the extent he amends his claims against "Unitel Voice LLC," concluding that it was the entity dismissed with prejudice from this action. *Id.* at 4.

Unitel—which Judge Weksler referred to as "TMGI"—objects to Judge Weksler's order because it contends that it is, in fact, the entity that "was dismissed from this action with prejudice on August 2, 2019." (ECF No. 74).

Davis argues that he, as "the master of the complaint," has the option of naming which parties he chooses to sue. (ECF No. 93 at 2 (quoting *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91 (2005)). Davis argues that he chose to sue "Unitel Voice, LLC," *not* "Telecom Management Group, Inc.," and that, as a result, Judge Weksler's order is correct. *Id.*

The court must now resolve the parties' dispute regarding the identity of defendant "Unitel." Telecom Management Group Inc. has consistently indicated as follows:

> Telecom Management Group Inc., an Illinois corporation doing business as Unitel, is the proper name of this defendant in this action. The allegations within the [c]omplaint—which [d]efendant does not admit are true—correspond to [d]efendant, and not Unitel Voice, LLC, which is a separate and unrelated company that [p]laintiff has identified by the same name as [d]efendant's true corporate identity.

(ECF Nos. 26 at 1 n.1; 39 at 1 n.1; 42 at 1 n.1; 52 at 1 n.1; 53 at 1 n.1; 60 at 1 n.1); (*see also* ECF Nos. 84; 91). In light of that representation, the instant action has proceeded against Telecom Management Group Inc. For instance, this court's order dismissing "Unitel" did so on the basis of Telecom Management Group Inc.'s principal place of business and statute of incorporation. (S*ee* ECF No. 74).

Thus, the court concludes that the entity that Judge Weksler referred to as "TMGI" and the entity the court has referred to as "Unitel" are one-and-the-same. The court, construing Davis's filings liberally and affording him the appropriate latitude, finds that this determination is in Davis's best interest.

If Davis was, in fact, suing Unitel Voice LLC, then—as Judge Weksler notes in her R&R—his amended complaint as to Telecom Management Group Inc. does not relate back. As Davis has consistently noted, the statute of limitations on his claims has run. Therefore,

James C. Mahan
U.S. District Judge

- 6 -

1 amending his complaint to allege time-barred claims against Telecom Management Group Inc.
2 would be futile.

3       This determination is also in Davis's best interest in light of his motions to reconsider,
4 which the court now turns to. Davis argues that this court's dismissal of Unitel, Somos, and
5 CenturyLink with prejudice for lack of personal jurisdiction creates a manifest injustice because
6 the statute of limitations had run as to those defendants. (ECF Nos. 80; 85). Davis argues that
7 the court should have transferred the case to an unspecified district which would have
8 jurisdiction. (ECF Nos. 80; 85).

9       The court admittedly did not consider 28 U.S.C. § 1631 when issuing its prior orders.
10 (ECF Nos. 74; 78). That statute provides as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

16 28 U.S.C. § 1631. Although Davis did not move to transfer this action, "[a] motion to transfer is
17 unnecessary because of the mandatory cast of section 1631's instructions." *Hays v. Postmaster*
18 *General of United States*, 868 F.2d 328, 331 (9th Cir. 1989) (quoting *Harris v. McCauley (In re*
19 *McCauley*), 814 F.2d 1350, 1352 (9th Cir. 1987)) (quotation marks omitted).

20       Accordingly, Davis's motions for reconsideration are granted in light of 28 U.S.C.
21 § 1631. (ECF Nos. 80; 85).

22       The court does not and cannot have personal jurisdiction over defendants Unitel, Somos,
23 or CenturyLink. Thus, the court must consider whether transfer of this action is in the interest of
24 justice. If Davis's claims were timely filed in this court, then transfer would be in the interest of
25 justice. *Cf. Danko v. Director, Office of Workers' Compensation Programs, U.S. Dep't of*
26 *Labor*, 846 F.2d 366, 369 (6th Cir. 1988).

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   The court finds that, because defendant "Unitel" is Telecom Management Group Inc., Davis's claim against it was timely filed at the initiation of this suit. Accordingly, transfer of Davis's claims against Unitel is in the interest of justice.

The court finds that Davis's claim against Somos was timely filed at the initiation of this suit. Thus, transfer of Davis's claims against Somos is in the interest of justice.

Davis originally filed suit against Level 3, and his claims were timely. (ECF No. 1-1). In his amended complaint, Davis elected to drop Level 3 from the suit and add CenturyLink as a defendant. (ECF No. 24). In his second amended complaint, Davis seeks to add Level 3 back to this action.

The court finds that Davis's first and second amended complaints do not simply "change[] the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15. Instead, both amendments drop one defendant and add another and, as a result, neither relate back to his original complaint. *See Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982). Indeed, Davis did not seek relation back when filing either amended complaint. (ECF Nos. 24; 72).

Accordingly, Davis's claims against Level 3 and CenturyLink are time-barred, and transfer is not in the interest of justice.

Finally, the court must decide where to transfer Davis's surviving claims. Davis does not provide this court with a district court that would have jurisdiction over this action. (*See* ECF Nos. 80; 85). Thus, the court must decide where to transfer this action.

Somos is incorporated in New Jersey, so the United Statues District Court for the District of New Jersey will have personal jurisdiction over it. Further, the District of New Jersey may have specific jurisdiction over Unitel because the instant action arises from Unitel's alleged release of Davis's VTFNs to Somos.[2]

Accordingly, Davis's remaining claims are transferred to the United States District Court for the District of New Jersey.

---

[2] This preliminary determination is not intended to be binding on the District of New Jersey. Unitel may raise an motion to dismiss for lack of personal jurisdiction if it decides such motion is necessary and appropriate.

James C. Mahan
U.S. District Judge

- 8 -

### IV.   Conclusion

In sum, Davis's motion for leave to file a second amended complaint is granted only to the extent that he may (1) correctly name "Unitel" as "Telecom Management Group Inc. d/b/a Unitel," and (2) assert his claims against Telecom Management Group Inc. d/b/a Unitel and Somos.  This court grant Davis's motions to reconsider.  (ECF Nos. 80; 85).

After reconsidering this court's prior order, the court will allow Davis's claims against Telecom Management Group Inc. d/b/a Unitel—which he erroneously sued as United Voice LLC d/b/a/ Telecom Management Group Inc.—and Somos to proceed.  The court will transfer those claims to the United States District Court, District of New Jersey.

After reconsidering this court's prior order, the court dismisses CenturyLink with prejudice because Davis's amended complaint is time-barred as to that defendant.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Davis's motion for reconsideration (ECF No. 80) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Davis's motion for reconsideration (ECF No. 85) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that this court's order dismissing Unitel and Somos (ECF No. 74) be, and the same hereby is, VACATED.

IT IS FURTER ORDERED that this court's order dismissing CenturyLink (ECF No. 78) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that CenturyLink's motion to dismiss (ECF No. 43) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Davis's claims against CenturyLink be, and the same hereby are, DISMISSED as time barred.

IT IS FURTHER ORDERED that Davis's motion for leave to file a second amended complaint (ECF No. 73) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that Magistrate Judge Brenda Weksler's order and R&R (ECF No. 89) be, and the same hereby is, VACATED in light of the foregoing.

IT IS FURTHER ORDERED that the matter of *Davis v. Unitel Voice, LCC, et al.*, case number 2:18-cv-00673-JCM-BNW, be, and the same hereby is, TRANSFERRED to the United States District Court for the District of New Jersey.

DATED March 4, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**