UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN R. DAVIS**<br><br>        Plaintiff,<br><br>    v.<br><br>**UNITEL VOICE, LLC, et al.,**<br><br>        Defendants. | Civ. No. 2:20-cv-3235 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court are three motions: (1) Defendant Somos, Inc.'s motion to dismiss for failure to state a claim, ECF No. 99; (2) Plaintiff *pro se* Steven R. Davis's motion to stay the matter, EF No. 103; and (3) Plaintiff's motion for permission for electronic case filing, ECF No. 97. For the reasons set forth below, Defendant Somos, Inc.'s motion to dismiss is **GRANTED**. Plaintiff's motion to stay is **GRANTED**. Plaintiff's motion for permission for electronic case filing is **DENIED**.

I.    BACKGROUND AND PROCEDURAL HISTORY

This is an action under the Federal Communications Act, 47 U.S.C. §§ 201, 206, and 207, and related regulations, which provide a cause of action against communication services that engage in illegal, unjust, and unreasonable business practices. Under the authority of the Federal Communications Commission, Defendant Somos Inc. ("Somos") operates and maintains the SMS/800 Toll-Free Number Registry database (the "SMS/800 Database") that allows toll free service providers to reserve and manage toll-free numbers in North America. Second Am. Compl., ECF No. 72-1, ¶ 21. Plaintiff alleges that he had a relationship with Defendant Unitel Voice, LLC, ("Unitel"), which served as his RespOrg—responsible organization. *Id.* at ¶¶ 36-42). RespOrgs interact directly with customers and manage the status of customers' toll-free numbers in the SMS/800 Database. *Id.* at ¶ 25.

After an alleged billing dispute between Davis and Unitel, Unitel allegedly disconnected Davis' toll-free numbers and released them for other parties to acquire through the Somos database. *Id.* at ¶¶ 72-78. Davis alleges that, in operating and implementing the SMS/800 Toll-Free Number Registry database, Somos failed to have adequate systems in place to ensure that Davis benefited from a "lag time" before other parties could acquire them. *Id.* at ¶¶ 99-109. According to Davis, although he had no

relationship with Somos, Somos violated a duty to impose a "lag time" before other parties could acquire his toll-free telephone numbers that Unitel released in its dispute with Davis. *Id.* at ¶¶ 99-109.

This matter was initially filed in the District Court for the District of Nevada. That Court dismissed Defendants Unitel and Somos for lack of personal jurisdiction, and then ordered that the matter be transferred to this Court. ECF No. 94. The District Court for the District of Nevada dismissed a third defendant, CenturyLink Inc. ("CenturyLink"), finding that Plaintiff's claims against it were time barred. *Id.* Plaintiff appealed the dismissal of CenturyLink to the Ninth Circuit, and Plaintiff's response to the Ninth Circuit's order to show cause why the matter should not be dismissed for lack of jurisdiction is currently pending. *Davis v. Unitel Voice, LLC*, Case No. 20-15545 (9th Cir.), Dkt. 7.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

### A.  Plaintiff's Motion to Stay

Plaintiff requests that this Court stay the matter while its response to the Ninth Circuit's Order to Show Cause is pending. Pl.'s Mot to Stay, ECF No. 103. It appears that briefing as to that order to show cause closed on June 19, 2020. *Davis v. Unitel Voice, LLC*, Case No. 20-15545 (9th Cir.), Dkt. 10. Plaintiff does not seek to stay the Court's ruling on Somos's motion to dismiss. Pl. Mot. to Stay, 2 n.1. No other party has objected to staying the remainder of the case pending to the Ninth Circuit's ruling. Courts consider the following factors in determining whether a stay is appropriate: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case, and (4) whether discovery is complete and/or a trial date has been set. *Akishev v. Kapustin,* 23 F. Supp. 3d 440, 446 (D.N.J. 2014). Considering this factors, the lack of objection from any other party to this litigation, and the likely imminence of the Ninth Circuit's determination regarding its jurisdiction over CenturyLink, a party to this litigation, the Court will **GRANT**

Plaintiff's motion to stay on the condition that the parties file a joint status report within ten days of the Ninth Circuit's resolution of its order to show cause.

### B. Defendant Somos's Motion to Dismiss

Plaintiff alleges that Somos violated 47 U.S.C. § 201(b) by engaging in practices that were "not just and reasonable" because Somos failed to impose an appropriate "lag time" in the SMS/800 Database for the toll-free telephone numbers that Plaintiff previously controlled—which were released by Unitel as his RespOrg—before other parties could acquire them. Second Am. Compl. ¶¶ 136-142. Plaintiff contends that when a RespOrg disconnects an active toll-free number, that number must be placed in a combination of Disconnect Status and Spare Status for four months, and any number placed in Suspend Status due to billing disputes must remain there for up to eight months. *Id.* ¶¶ 100-103. Plaintiff further alleges that Somos must maintain the SMS/800 Database in such a way "that toll free numbers are not placed in Disconnect Status and Suspend Status without a subscriber's knowledge and then transferred to other subscribers." *Id.* at ¶ 104. Finally, Plaintiff alleges that, when Unitel disconnected his numbers, "Somos, as manager of the SMS/800 system was required to identify or flag the numbers as improperly aged and in violation of the 'lag time' requirements preventing their introduction into the Spare Pool before the four months passed." *Id*. at ¶ 108.

Somos argues that nothing in the FCC regulations requires (1) that Somos implement a system to ensure that Unitel managed Plaintiff's disconnected numbers to remain in Disconnect Status for a minimum period; (2) that Somos implement a system to inform Plaintiff that a particular toll-free number has been disconnected by Unitel as a RespOrg.

#### 1. *Whether There is a Four-Month Minimum or Maximum Time Period Before Disconnect Status Toll-Free Numbers Can Be Placed in Spare Status*

Plaintiff argues that a toll-free number that is disconnected must remain so—before it is moved to spare status and thus available for reassignment by a RespOrg—for four months. While Plaintiff acknowledges that numbers in disconnect status may remain there for less than four months, he contends that SMS/800 is required to have an internal system that creates a "transition status" so that the overall combination of Disconnect plus Transition will last a minimum of four months. Pl.'s Opp. 7. In support of this theory, Plaintiff cites to three sources: (1) his Second Amended Complaint; (2) a December 6, 2000 letter from the FCC's Common Carrier Bureau (the "Keller-Wade Letter"); and (3) Somos Inc.'s 2017 Toll Free Number Register User Guide. The portions of his complaint upon which Plaintiff relies constitute legal conclusions that the Court declines to accept as true. *See Iqbal*, 556 U.S. at 678. The Keller Wade letter clearly supports Plaintiff's theory, almost verbatim. However, as Defendant Somos explains, because major common carriers objected to the Keller-Wade Letter's proposed changes, the FCC ultimately did not enact

3

regulations to require them.[1]  Lastly, the Court agrees with Somos that the cited provision of Somos' user guide relied upon by Plaintiff merely identifies the time of day at which a toll-free number will be automatically transferred to spare status if it stays in disconnect status for the four-month period, ensuring Somos complies with the applicable time maximum set forth in the regulation.  The Court concludes that FCC regulations at the relevant time in 2016 imposed a maximum four-month time that a toll-free number can be in Disconnect Status, but not a minimum.

> *2. Whether Regulations Require that Somos Inform Plaintiff that Toll-Free Numbers Were Disconnected by Unitel*

Plaintiff asserts no legal source on which to predicate his contention that Somos was required to implement a system to automatically manage the status of his lost toll-free numbers and inform him when Unitel disconnected his numbers.  Instead, Plaintiff contends that Defendant Somos violated a duty of care, and appears to assert a claim sounding in state tort law, perhaps negligence.  Plaintiff does not set out a coherent legal theory.  Somos, in turn, emphasizes that it had no knowledge, relationship, or duty to Plaintiff.  Plaintiff does not allege that he ever informed Somos of his billing dispute with *Unitel*.  Nor does Plaintiff allege any other basis upon which Somos could have known that there was a dispute between Plaintiff and Unitel over these toll-free numbers that would have put Somos on notice that *Unitel* disconnected them and posted them to Spare Status in anything other than in the normal course of *Unitel* managing toll free numbers in the Somos database.  Nor does Plaintiff allege that Somos has any way of knowing his identity as an end-user whose numbers were disconnected and listed in Spare Status.

It is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations.  Defendant Somos' motion to dismiss is **GRANTED**.

### C. Plaintiff's Motion for Permission for Electronic Case Filing

Plaintiff requests that the Court permit him to participate in electronic case filing. He submits an affidavit explaining his ability to electronically file documents and notes that he was approved by the District Court for the District of Nevada and the Ninth Circuit to participate in electronic filing. ECF No. 97.  This Court's Local Civil Rule 5.2(4) states without exception that "[a] party who is not represented by counsel must file documents with the Clerk as a Paper Filing."  For that reason, the Court will **DENY** Plaintiff's motion. However, because Plaintiff did not predicate his request on any legal source, the Court will give Plaintiff an opportunity to renew his request if he chooses.

---

[1] *See, e.g.*, Public Notice 17 FCC Rcd 1015(2), https://www.fcc.gov/document/common-carrier-bureau-invites-interested-parties-participate-forum, (scheduling public forum regarding implementation of Keller-Wade letter proposals).  *See also* https://www.fcc.gov/ecfs/filing/5508351700 (transcripts from the Common Carrier Commission's forum regarding the Keller-Wade letter reflecting that no further proceedings or regulations were adopted by the FCC).

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion to stay is **GRANTED**.  Defendant's motion to dismiss is **GRANTED WITH PREJUDICE** as to Defendant Somos only.  Plaintiff's motion for permission for electronic filing is **DENIED WITHOUT PREJUDICE**.  An appropriate order follows.


**DATED: November 18, 2020**


                                                */s/ William J. Martini*
                                   **WILLIAM J. MARTINI, U.S.D.J.**