UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN R. DAVIS**  Plaintiff,  v.  **UNITEL VOICE, LLC, et al.,**  Defendants. | Civ. No. 2:20-cv-3235 (WJM)  **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court are two motions made by Plaintiff *pro se* Steven R. Davis: (1) a motion for reconsideration of this Court's November 18, 2020 Order dismissing Defendant Somos, Inc. ("Somos"), ECF No. 109 and (2) an emergency motion to transfer the matter against Defendant Unitel Voice, LLC, d/b/a Telecom Management Group, Inc., ("Unitel") to the District Court for the Northern District of Illinois, ECF No. 117. The motion to transfer is unopposed because Defendant Unitel has not made an appearance in this matter. The Court dismissed Defendant Somos, a New Jersey corporation, on November 18, 2020. ECF Nos. 107, 108. For the reasons stated below, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff's motion to transfer is **GRANTED**.

### I. PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion to Partially Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 109. The Court construes Plaintiff's motion as a motion for reconsideration of the Court's November 18, 2020 decision to dismiss Defendant Somos, ECF No. 107, 108.

> A motion for reconsideration must set forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice.

*United States v. Davis*, 05-cr-382, 2012 WL 1950217, at *1 (D.N.J. May 30, 2012), *aff'd*, 514 F. App'x 97 (3d Cir. 2013) (cleaned up and citations omitted).

Plaintiff alleges that Somos violated 47 U.S.C. § 201(b) by engaging in practices that were "not just and reasonable" because Somos failed to impose an appropriate "lag time" in the SMS/800 Database for the toll-free telephone numbers that Plaintiff previously controlled—which were released by Unitel as his RespOrg—before other parties could acquire them. Second Am. Compl. ¶¶ 136-142. Plaintiff alleges that, when Unitel disconnected his numbers, "Somos, as manager of the SMS/800 system was required to identify or flag the numbers as improperly aged and in violation of the 'lag time' requirements preventing their introduction into the Spare Pool before the four months passed." *Id.* at ¶ 108. The Court in its November 18, 2020 Opinion explained why it concluded that the FCC regulations cited by Plaintiff imposed in 2016 a maximum four-month time that a toll-free number can be in Disconnect Status, but not a minimum.

Next, the Court addressed Plaintiff contention that Somos violated a duty of care, stating, "Plaintiff contends that Defendant Somos violated a duty of care, and appears to assert a claim sounding in state tort law, perhaps negligence. Plaintiff does not set out a coherent legal theory." ECF No. 107, 4. Plaintiff's only claim listed in his Complaint against Defendant Somos is under 47 U.S.C. §§ 201(b), 206, as well as underlying regulations. *See* Second Am. Compl., ¶¶ 135-42. Plaintiff mentions negligence earlier in its Complaint, stating, "Whether by intention or negligence or system failure, Somos failed in its function to ensure proper disposition of Plaintiff's numbers, which resulted in Plaintiff losing his numbers without the benefit of the lag time that is built into the system, and that Somos is responsible for implementing." *Id.* at ¶ 109. Defendant Somos argued in response that it had no knowledge, relationship, or duty to Plaintiff. The Court accepted Defendant's contention that it had no knowledge of Plaintiff's underlying dispute with Defendant Unitel.

Plaintiff's motion for reconsideration centers around the "Towler letter," a notice sent by counsel for Plaintiff, Virginia Towler, to Somos on August 8, 2016, informing Somos that her client, 1-844-Who-Is-It.com, LLC, "seeks the return of 38,000 disputed Toll Free Numbers, which were prematurely, erroneously and/or illegally released by Unitel in 2016 on April 15 and 16 . . ." ECF No. 109-1. The Court did not previously consider this letter because it was not raised by either party during briefing on Somos's motion to dismiss. Plaintiff argues that "the Court committed clear and obvious error when it wrote that Somos was not informed or otherwise did not have knowledge of the nature of the dispute between Plaintiff and Unitel." ECF No. 109, 4-5.

The Court having rejected Plaintiff's claims against Somos under 47 U.S.C. §§ 201(b), 206, and related regulations, Plaintiff on reconsideration states that, "This Motion to Alter and Amend is meant to address whether Davis adequately plead a case for common law negligence under New Jersey law." ECF No. 116, 2. Although Plaintiff included no count of negligence against Defendant Somos in its Complaint, the Court, for purposes of this motion for reconsideration only, will entertain the notion that he did. "To sustain a cause of action for negligence, a plaintiff must establish four elements: (1) a duty of care;

2

(2) a breach of that duty; (3) proximate cause; and (4) actual damages." *Vizzoni v. B.M.D.*, 459 N.J. Super. 554, 568 (App. Div. 2019) (cleaned up).

As the Court stated in its Opinion on Somos's motion to dismiss, "[a] Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (internal citation omitted). The Court accepts for purposes of this opinion that the Towler letter constitutes sufficient notice to Somos. As Plaintiff states, "[t]he fundamental question in this Motion is whether Somos had a duty to Plaintiff once notified of the problem and whether their failure to act on that duty caused Davis damages." ECF No. 116, 9.

Plaintiff accepts the Court's previous finding that, pursuant to asserted federal regulations, there was no affirmative duty on Somos in ensuring a four-month minimum transition time before numbers are placed into the spare pool. *Id.* at 2. Nevertheless, Plaintiff contends that New Jersey law prescribes a duty of care, presumably independent of the federal regulations that the Court already decided do not prescribe a duty of care, that would preclude disconnection of his over 40,000 toll-free numbers with no lag time.[1] Plaintiff cites no cases providing that Defendants in Somos's position possess a duty of care with regard to Plaintiffs like Mr. Davis. New Jersey's analysis of whether a defendant possesses a duty of care to prove negligence is based upon the "totality of the circumstances including: (1) the relationship of the parties; (2) the nature of the attendant risk; (3) the ability and opportunity to exercise control; (4) the public interest in the proposed solution; and (5) the objective foreseeability of harm. *See Ivins v. Town Tavern*, 335 N.J. Super. 188, 194 (2000) (internal citations omitted). Plaintiff does not address these factors. The Court concludes that Plaintiff's repeated assertion that Somos violated a duty of care and so acted negligently is a conclusion lacking any legal support. The Court **DENIES** Plaintiff's motion for reconsideration because he fails to state against Somos upon which relief can be granted.

## II. PLAINTIFF'S MOTION TO TRANSFER

Plaintiff gives three reasons why the Court should grant his motion to transfer on an emergency basis: (1) Plaintiff *pro se* is now represented by counsel in Illinois; (2) the Northern District of Illinois is where Defendant Unitel is headquartered; and (3) Plaintiff wishes to add Illinois state law claims to his Complaint with five-year limitations periods that expire "on or before the first week in April 2021." ECF No. 117 at 6.

---

[1] Confusingly, Plaintiff also argues: "When Congress granted a private right of action to guard against illegal acts [pursuant to 47 U.S.C. § 201], it placed a duty upon commutations services providers, and Somos, Inc. is perhaps the most prominent one, to abide by regulations for the benefit of the end user, in this case, Davis." ECF No. 116, 10.

Plaintiff cites three statutes permitting transfer: 28 U.S.C. § 1631, 28 U.S.C. § 1404, and 28 U.S.C. § 1406. Section 1631, entitled "Transfer to cure want of jurisdiction," permits the Court to transfer matters where it finds "that there is a want of jurisdiction . . ." 28 U.S.C. § 1631. Here, no party argues that the Court lacks subject matter or personal jurisdiction over the matter. Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case might have been brought, or to which the parties have consented, for the convenience of the parties and witnesses and in the interest of justice. *In re McGraw-Hill Global Ed. Holdings, LLC*, 909 F.3d 48, 57 (2018). Factors the court must consider include the three enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors, including the plaintiff's choice of forum and the local interest in deciding local controversies close to home. *Atlantic Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 62 n.6 (2013) (non-exhaustive list of factors). Courts consider these factors to determine, on balance, whether the litigation would "more conveniently proceed and the interests of justice be better served by transfer to a different forum."

The Court does not consider the motion to transfer on an emergency basis. Generally, the fact that the statute of limitations will soon bar claims does not constitute an emergency. Because Plaintiff claims to be represented by Illinois counsel and because Defendant Unitel is an Illinois corporation, the Court finds that transfer would be in the convenience of the parties and possible witnesses. The Court also finds that the interests of justice would be better served by transfer to a different forum because this case no longer has any connection to New Jersey. That Plaintiff intends to file soon-to-be time-barred Illinois claims is not a factor the Court considers. As Plaintiff acknowledges, he will have to seek the Court's leave to amend his Complaint or otherwise receive Defendant Unitel's written consent, pursuant to Rule 15(a)(2).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff's motion to transfer is **GRANTED**. An appropriate order follows.

**DATED: March 17, 2021**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**
